```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

GREGORY G. TONEY,              )
                               )
        Plaintiff              )
                               )
        vs.                    )    2:07-cv-307
                               )
ACCOR NORTH AMERICA, d/b/a     )
Motel 6,                       )
                               )
        Defendant              )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Leave to Amend the Defendant's Answer [DE 33] filed by the defendant, Accor North America, on August 13, 2009. For the following reasons, the motion is **DENIED**.

## Background

The plaintiff, Gregory Toney, filed his Complaint on August 2, 2007, alleging an injury which resulted from aiding firefighters at the Motel 6 where he was staying. In paragraph one of his complaint, Toney alleges that he was a business invitee at the Motel 6. In paragraph five, Toney further alleges that he advised the officer who responded to the fire that he had firefighting experience and that the officer asked Toney to assist. Accor's answer admitted to the allegation contained in paragraph one and provided that it lacked sufficient information to admit or deny paragraph five.

At the Federal Rule of Civil Procedure 16 scheduling conference, the court set the deadline for amending plead-

ings as April 7, 2008. Accor began discovery prior to this deadline by sending Toney interrogatories inquiring into his past work experience. Toney responded that he was a boilermaker since 1995.

Discovery continued after the deadline to amend pleadings passed. Accor deposed Toney on August 28, 2008, and the responding officer on November 25, 2008. The officer admitted that Toney informed him that he had firefighting experience and offered to help, which the officer accepted. Accor also received an expert report on July 30, 2009, which confirmed that Toney previously was a volunteer firefighter.

Accor, relying on the discovery conducted after the deadline to amend pleadings, now seeks leave to amend its answer to deny the allegations of paragraph one, which provides that Toney was a business invitee at the time of his injury.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This Circuit has recognized that leave to amend should be freely given as the case develops, as long as the amendments do not unfairly surprise or prejudice the opposing party. ***Jackson v. Rockford Housing Authority***, 213 F.3d 389, 390

(7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" ***Winters v. Fru-Con, Inc***. 498 F.3d 734, 741 (7th Cir. 2007)(*quoting **Butts v. Aurora Health Care, Inc.***, 387 F.3d 921, 925 (7th Cir. 2004)); ***Ajayi v. Aramark Business Services***, 336 F.3d 520, 530 (7th Cir. 2003).

In contrast to the discretionary standard under Rule 15, Rule 16 imposes a good cause standard when a party seeks to amend a court's scheduling order. ***Tschantz v. McCann***, 160 F.R.D. 568, 571 (N.D. Ind. 1995) *See also **Trustmark Ins. Co v. General Cologne Life Re of America***, 424 F.3d 542, 553 (7th Cir. 2005)("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the party must show 'good cause'"); ***Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP***, 430 F.Supp.2d 1157, 1163 (D. Nev. 2006)("Where a party moves to amend the pleadings after a deadline set in the Rule 16 scheduling order, the Court should not modify the scheduling order 'except upon a showing of good cause.'"). The Seventh Circuit has endorsed the holding that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." ***Trustmark***, 424 F.3d at 553.

The parties dispute whether Accor can satisfy the "good cause" standard required under Rule 16 to amend its answer. Accor asserts that it has good cause to amend its answer

3

because it attempted to obtain information regarding Toney's firefighting experience prior to the expiration of the deadline to amend pleadings, but was unsuccessful because Toney did not list his firefighting experience under Accor's inquiry into his employment history. For this reason, Accor states that it was unable to confirm Toney's experience until later in the discovery process when it had the opportunity to depose witnesses and received an expert witness report. Accor relies on this information as the basis for seeking to amend its answer to deny that Toney was a business invitee at the time the injury occurred.

However, Toney points to the fact that his Complaint, filed August 2, 2007, states that "Mr. Toney advised the officer that he had firefighting experience and that there were people in the rooms and the officer asked Mr. Toney, [sic] to assist him in evacuating the persons in the rooms." For this reason, Accor cannot now claim ignorance of the fact that Toney had past firefighting experience. *See* **Borom v. Merrillville**, 2009 WL 1617080 (N.D. Ind. 2009) (denying plaintiff's motion to amend complaint to add defendants where the existence and actions of defendants plaintiff sought to add had been known since the commencement of the lawsuit).

Toney's Complaint put Accor on notice of his firefighting experience. At no point prior to the deadline to amend pleadings did Accor attempt to obtain information regarding

4

Toney's stated firefighting experience despite its clear assertion in the Complaint.  Accor's interrogatories simply inquired into Toney's past work experience and did not directly inquire into Toney's experience as a firefighter, which was done in a volunteer capacity.  If Accor had been diligent, it could have inquired into Toney's firefighting experience in its interrogatories or obtained the necessary discovery through other means prior to the deadline to amend pleadings.  Therefore, there is no good cause to amend the pleadings after the court ordered deadline and no need to examine the futility or prejudice of the amended answer.

_____

For the foregoing reasons, the Motion for Leave to Amend the Defendant's Answer [DE 33] filed by the defendant, Accor North America, on August 13, 2009, is **DENIED**.

ENTERED this 15th day of January, 2010

                                                    s/ ANDREW P. RODOVICH
                                                       United States Magistrate Judge