```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


GREGORY G. TONEY,              )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 2:07-CV-307
                               )
ACCOR NORTH AMERICA            )
d/b/a Motel 6,                 )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Bifurcated Trial [DE 79] filed by the defendant, Accor North America, on May 10, 2010, and the Motion to Continue Trial [DE 82] filed by the defendant on May 19, 2010. For the reasons stated below, the Motion for Bifurcated Trial [DE 79] is **DENIED**, and the Motion to Continue Trial [DE 82] is **DENIED.**

Background

This cause of action is based on the plaintiff, Gregory G. Toney, slipping on a mat and injuring himself in a hotel owned by the defendant, Accor North America. Accor's motion for summary judgment did not dispose of the matter, and trial is set for June 28, 2010.

Accor filed its motion to bifurcate, arguing that bifurcating the issues of liability and damages will expedite the litigation, lessen the costs, and reduce the risk of prejudice because the jury may be unduly influenced by the injuries suffered by the plaintiff. Accor states that a trial on the issue of damages could involve 30 witnesses and 75 exhibits, if not more, and that

judicial economy would be served by bifurcating. Accor also argues that testimony of damages will elicit sympathy for the plaintiff which will unfairly prejudice Accor.

Accor also requests continuance of the trial based upon its efforts to obtain evidence concerning Toney's disability pension and vocational rehabilitation.

## Discussion

Rule 42(b) of the Federal Rules of Civil Procedure states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Like all rules of civil procedure, this rule is applied in conjunction with Federal Rule of Civil Procedure 1, which instructs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). The Seventh Circuit instructs the court to determine whether separate trials either would avoid prejudice to a party or promote judicial economy. If so, the court then must be satisfied that bifurcation does not unfairly prejudice the non-moving party. Finally, the court cannot grant separation of trials if doing so violates the Seventh Amendment. *Chlopek v. Federal Ins. Co.*, 499 F.3d 682, 700 (7th Cir. 2007); *Houseman v. United States Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999).

2

The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials based on the case's circumstances. ***Bard Peripheral Vascular, Inc., v. W.L. Gore & Associates, Inc.***, 2007 WL 3208540, *1 (D. Ariz. Oct. 30, 2007)(*citing* ***Novopharm Ltd. v. Torpharm, Inc.***, 181 F.R.D. 308, 310 (E.D. N.C. 1998)). Courts repeatedly have emphasized that whether to bifurcate trial "is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis." ***Laitram Corp. v. Hewlett-Packard Co.***, 791 F.Supp 113, 114 (E.D. La. 1992). Separate trials are the exception, not the rule. ***Real***, 195 F.R.D. at 620; ***Laitram Corp.***, 791 F.Supp. at 114.

When weighing the competing interests under Rule 42(b), "prejudice is the Court's most important consideration." ***Bard Peripheral Vascular***, 2007 WL 3208540 at *1 (*citing* ***Laitram Corp.***, 791 F.Supp. at 114. This requires a balancing of two types of prejudices: first, the possible prejudice of jury confusion on complex issues if bifurcation is denied, and second, the prejudice of considerable delay resulting if bifurcation of liability and damages is granted. ***Real***, 195 F.R.D. at 621. The first can be tempered with cautionary warnings, limiting instructions, special verdict forms, and other jury instructions, but the second only can be cured by denying bifurcation. ***Real***, 195 F.R.D. at 621.

Separate trials are ordered only under extenuating circumstances:

> Those extenuating circumstances include a) a need for voluminous documents to resolve damages issues; b) complex infringement issues; c) multiple patents, infringing products, claim[s], counterclaims, or parties; or d) the probability that the defendant would prevail on the infringement issue, thereby eliminating the need to address the issue of damages.
>
> ***Real***, 195 F.R.D. at 621.

See also ***Trading Technologies Intern., Inc. v. eSpeed, Inc.***, 431 F.Supp.2d 834, 839-40 (N.D. Ill. 2006)(reciting same).

***Real*** discussed these factors, and concluded that bifurcation was not warranted. Because ***Real*** represented "one of the smaller and more simple patent cases . . . involv[ing] one patent, one claim and one allegedly infringing product" the court found that no extenuating circumstances existed. 195 F.R.D. at 622. In ***Real***, the court found "no evidence to suggest that this computation [of damages] is more unusual, complex or complicated than the average patent case." 195 F.R.D. at 622. The court also noted that though the possibility that the defendant in ***Real*** might prevail would eliminate the need to conduct damages-related discovery, there was no reason to assume such a victory and preclude the normal course of discovery as in any other litigation. 195 F.R.D. at 623.

Accor asserts that the volume of evidence on damages will cause prejudice from jury confusion. However, Accor's description of the extensive number of damage witnesses and exhibits is

4

merely an estimate.  In other words, just because Toney has listed 30 witnesses on damages does not mean that number will testify at trial.  The evidence presented on damages will not be of mammoth proportions and will not require a separate trial.  *Cf. Real*, 195 F.R.D. at 621 ("[T]he court ordered separate trials on the issues of liability and damages when the defendant represented to the court that to resolve the damage issue will require a review of *millions* of documents . . . .")(emphasis added).  To the contrary, this matter is a simple tort claim that does not involve the complex array of evidence most often implicated in a patent case like *Real*, and does not required separation of the issues.  Additionally, the plaintiff is claiming a back injury and not the type of injury that would require potentially shocking evidence.

Similarly, Accor presents no convincing evidence which leads the court to believe that it is likely to prevail on the liability issue, precluding the necessity for the damages issue.  To the contrary and as stated in the March 13, 2010 Opinion and Order ruling on Accor's Motion for Summary Judgment, this case has several genuine issues of fact requiring a jury to determine liability.  The defendant cannot assume that it will prevail and relieve the court of the damages portion of the trial.  Thus, judicial economy is best served by addressing liability and damages with one trial.

Although Accor believes that jurors cannot reasonably be expected to detach their emotions from the injuries suffered by

Toney to deliberate on the separate issues of liability and damages, the court believes that jurors certainly can and regularly do in the normal course of court proceedings. This cause of action does not involve unique and complicated circumstances, but presents as a commonplace slip-and-fall. Because Accor failed to carry its burden of proving prejudice or promotion of judicial economy, there is no need to address the possibility of a Seventh Amendment violation and the Motion for Bifurcated Trial is **DENIED**.

Accor's motion to continue the trial due to efforts to obtain evidence concerning Toney's disability pension and vocational rehabilitation is brought late in the process. Although Accor makes a seemingly valid argument that the evidence may be material to the mitigation of Toney's damages, the court is unconvinced that Accor was diligent in seeking the evidence. Toney provided his expert damage reports in September 2008 with an Addendum in July 2009. Accor offers no valid excuse for failing to follow up on this information in the ensuing ten months. Additionally, the May 19, 2010 Subpoena served on the Standard Insurance Company was served outside of the discovery period in this matter with no request to extend the deadline. Because Accor has the burden to prove that it has been diligent in acquiring evidence for trial, the Motion to Continue Trial is **DENIED**. The parties are scheduled to meet this Friday, May 28, 2010, for the Final Pre-Trial Conference in this case, and the

court will not vacate this event nor continue the trial date which is set for June 28, 2010.

_____

For the foregoing reasons, the Motion for Bifurcated Trial [DE 79] filed by the defendant, Accor North America, on May 10, 2010, is **DENIED**, and the Motion to Continue Trial [DE 82] filed by the defendant on May 19, 2010, is **DENIED.**

ENTERED this 27th day of May, 2010

s/Andrew P. Rodovich
United States Magistrate Judge